UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Miguel A. Medina,
and other similarly
situated individuals,

       Plaintiff(s),

v.

Claremont Property Co.,
and Rafael Garcia Ibarra,
individually,

       Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Miguel A. Medina and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Claremont Property Co. and Rafael Garcia Ibarra, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Miguel A. Medina is a resident of Collier County, Florida. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Claremont Property Co. (from now on Claremont Property or Defendant) is a Foreign Profit Corporation registered to do business in Florida. Defendant has a place of business in Bonita Spring, Lee County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4.  The individual Defendant Rafael Garcia Ibarra was and is now the owner/partner/and manager of Defendant corporation Claremont Property. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this Complaint occurred in Charlotte and Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6.  This cause of action is brought by Plaintiff Miguel A. Medina as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current

and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2022, (the "material time") without being adequately compensated.

7. Defendant Claremont Property is a construction and roofing company specializing in commercial and residential disaster recovery. Claremont Property is located at 24870 S Tamiami Trail, Bonita Springs, Florida 34134.

8. Defendant Claremont Property was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a carpenter who handled and

worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants Claremont Property and Rafael Garcia Ibarra employed Plaintiff Miguel A. Medina as a non-exempt, full-time construction employee from approximately October 12, 2022, to July 29, 2023, or 41 weeks.

11. Plaintiff worked under the supervision of managers Rafael Garcia Ibarra, Francisco Garcia, and Anthony de la Rosa. Plaintiff and his superiors wore uniforms from Claremont Property.

12. During the relevant period, Plaintiff performed as a carpenter, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should be $27.00 an hour.

13. While employed by Defendants, Plaintiff worked six days per week from Monday to Saturday, from 7:00 AM to 6:00 PM (11 hours daily). Plaintiff worked a total of 60 hours weekly. Plaintiff has already deducted 6 hours of lunchtime weekly.

14. Plaintiff was paid weekly for all his hours but at his regular rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

15. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff was paid in cash without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

18. Plaintiff disagreed with his extended working hours and the lack of payment for regular and overtime hours, and he complained several times to his superiors.

19. On or about July 22, 2023, Plaintiff complained to Rafael Garcia Ibarra. Plaintiff requested to be paid his overtime hours. Defendant Rafael Garcia Ibarra refused to pay overtime hours.

20. As a result of Plaintiff's complaints, on or about July 29, 2023, Defendants fired Plaintiff using pretextual reasons.

21. At the time of his termination, Defendants refused to pay Plaintiff his first week of work that Defendants retained as a "security deposit. "

22. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

23. At times mentioned, individual Defendant Rafael Garcia Ibarra was the owner/partner/and manager of Claremont Property. Defendant Rafael Garcia Ibarra was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Claremont Property's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Rafael Garcia Ibarra had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

24. Plaintiff Miguel A. Medina seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

27. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff Miguel A. Medina re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. Defendants Claremont Property and Rafael Garcia Ibarra employed Plaintiff Miguel A. Medina as a non-exempt, full-time construction employee from approximately October 12, 2022, to July 29, 2023, or 41 weeks.

30. Plaintiff worked under the supervision of managers Rafael Garcia Ibarra, Francisco Garcia, and Anthony de la Rosa. Plaintiff and his superiors wore uniforms from Claremont Property.

31. During the relevant period, Plaintiff performed as a carpenter, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should be $27.00 an hour.

32. While employed by Defendants, Plaintiff worked six days weekly from Monday to Saturday, from 7:00 AM to 6:00 PM (11 hours daily). Plaintiff worked a total of 60 hours weekly. Plaintiff has already deducted 6 hours of lunchtime weekly.

33. Plaintiff was paid weekly for all his hours but at his regular rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

34. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. Plaintiff was paid in cash without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

37. Defendants fired Plaintiff on or about July 29, 2023, after he complained about unpaid overtime hours.

38. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

39. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

41. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Seven Thousand Three Hundred Eighty Dollars and 00/100 ($7,380.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 41 weeks
    Relevant weeks of employment:  41 weeks
    Total number of hours worked: 60 hours weekly

Unpaid O/T hours: 20 hours weekly
Wage rate: $18.00 an hour x 1.5=$27.00 O/T
O/T rate: $27.00 an hour-$18.00 rate paid=$9.00 O/T difference
Half-time: $9.00 an hour

$9.00 x 20 hours=$180.00 weekly x 41 weeks=$7,380.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>
   This amount represents unpaid half-time overtime wages.

42. The Employers/Defendants always failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. Defendants Claremont Property and Rafael Garcia Ibarra willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Miguel A. Medina and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Miguel A. Medina and other similarly situated individuals and against the Defendants Claremont Property and Rafael Garcia Ibarra based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Miguel A. Medina actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Miguel A. Medina demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

46. Plaintiff re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

47. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

48. Defendants Claremont Property and Rafael Garcia Ibarra employed Plaintiff Miguel A. Medina as a non-exempt, full-time construction employee from approximately October 12, 2022, to July 29, 2023, or 41 weeks.

49. During the relevant period, Plaintiff performed as a carpenter, and he was paid an hourly rate of $18.00.

50. While employed by Defendants, Plaintiff worked six days per week for 60 hours weekly. Plaintiff has already deducted 6 hours of lunchtime per week.

51. Plaintiff was paid weekly for all his hours but at his regular rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

52. Plaintiff complained about the lack of payment for overtime hours, and because of his complaints, Defendants fired Plaintiff on or about July 29, 2023.

53. At the time of his termination, Defendants refused to pay Plaintiff for his first week of employment that was retained by Defendants as a "security deposit."

54. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

55. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

56. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

57. Plaintiff was paid in cash without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

58. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

59. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

60. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

61.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

        Four Hundred Forty Dollars and 00/100 ($440.00)

    b.  <u>Calculation of such wages</u>:

        Total period of employment: 41 weeks
        Total number of unpaid weeks: 1 week
        Total number of unpaid hours: 40 regular hours
        Fl Minimum wage 2023: $11.00

        $11.00 x 40 hours=$440.00 weekly x 1 weeks= $440.00

    c.  <u>Nature of wages</u>:

        This amount represents regular unpaid wages at the Florida minimum wage rate.

62. Defendants unlawfully failed to pay minimum wages to Plaintiff.

63. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

64. Defendants Claremont Property and Rafael Garcia Ibarra willfully and intentionally refused to pay Plaintiff minimum wages as required by the law

of the United States and remain owing Plaintiff these minimum wages as set forth above.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Miguel A. Medina respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Claremont Property and Rafael Garcia Ibarra based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Miguel A. Medina and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## **COUNT III:**
## **FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
## **PURSUANT TO 29 USC 215(a)(3), AGAINST ALL DEFENDANTS**

66. Plaintiff Miguel A. Medina re-adopts every factual allegation stated in paragraphs 1-24 of this Complaint as if set out in full herein.

67. Defendant Claremont Property was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

68. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

69. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce…." [29 U.S.C. § 206 (a) (1)].

70. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

71. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

72. Defendants Claremont Property and Rafael Garcia Ibarra employed Plaintiff Miguel A. Medina as a non-exempt, full-time construction employee from approximately October 12, 2022, to July 29, 2023, or 41 weeks.

73. During the relevant period, Plaintiff performed as a carpenter, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should be $27.00 an hour.

74. While employed by Defendants, Plaintiff worked six days per week, a total of 60 hours weekly. Plaintiff has already deducted 6 hours of lunchtime weekly.

75. Plaintiff was paid weekly for all his hours but at his regular rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

76. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

77. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

78. Plaintiff was paid in cash without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

79. Plaintiff did not agree with his extended working hours and the lack of payment for overtime hours, and he complained several times to his superiors.

80. On or about July 22, 2023, Plaintiff complained to Rafael Garcia Ibarra for the last time. Plaintiff requested to be paid his overtime hours. Defendant Rafael Garcia Ibarra refused to pay overtime hours.

81. These complaints constituted protected activity under the FLSA.

82. However, as a direct result of Plaintiff's complaints, on or about July 29, 2023, Defendants fired Plaintiff using pretextual reasons.

83. At the time of his termination, Defendants refused to pay Plaintiff his first week of work that was retained by Defendants as a "security deposit. "

84. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

85. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

86. There is close proximity between Plaintiff's protected activity on or about July 22, 2023, and his termination.

87. The motivating factor that caused Plaintiff's discharge, as described above, was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

88. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

89. Plaintiff Miguel A. Medina has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Miguel A. Medina respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B.  Enter judgment against Defendants Claremont Property and Rafael Garcia Ibarra that Plaintiff Miguel A. Medina recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants Claremont Property and Rafael Garcia Ibarra to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff Miguel A. Medina further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Miguel A. Medina demands a trial by a jury of all issues triable as a right by a jury.

Dated:  October 31, 2023,

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone:       (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*